ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

CHRISTOPHER J. PATTOCK (#009797)
Trial Attorney
230 N. First Ave., Suite 204
Phoenix, Arizona 85003-1706
Telephone: (602) 682-2614
E-Mail: Christopher.J.Pattock@usdoj.gov

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Breault Research Organization, Inc., | ) | No. 4:19-bk-08754-BMW |
| | ) | |
| | ) | **UNITED STATES TRUSTEE'S** |
| | ) | **LIMITED OBJECTION TO DEBTOR'S** |
| | ) | **EMERGENCY MOTION TO PAY** |
| Debtor. | ) | **PRE-PETITION WAGES** |

Hearing Date: July 30, 2019
Time: 11:00 a.m.
Location: 38 S. Scott Avenue
Courtroom #446

The United States Trustee for the District of Arizona, Region 14 ("UST"), by and through counsel undersigned, hereby submits her limited objection to the above captioned Debtor's "Emergency Motion for Authority to Pay Pre-Petition Wages," on three separate grounds.

First, it is currently unknown whether all the proposed payees are to remain in the employ of the Debtors, because no assertion to that effect has been made. To the extent that any of the listed employees are leaving the Debtors' employ, they should not be paid, because such would not be justified under the "Rule of Necessity."

Second, it is proposed that at least one insider be paid, and it is possible that there are more. The motion indicates that Mr. Robert Breault is the "founder and namesake" of the

Debtor. Although Mr. Breault is no longer the Chief Executive Office of the Debtor, it is presumably not "necessary" to pay him, because it is very likely he will not leave the Debtor (as would mere wage-earning employees) if he is not immediately paid his pre-petition wages and benefits, and instead waits to be paid as a priority creditor under the Debtor's Chapter 11 plan. It is acknowledged that the payment of these wages might be important and necessary to Mr. Breault, but that is not the standard for determining whether they can be paid. The standard is whether they are necessary for the debtor/estate, not whether they are necessary for the recipient. Regardless, Mr. Breault, is eligible to file a priority wage claim. Additionally, the Debtor must indicate whether any of the other ten proposed payees are insiders.

Third, the Debtor proposes to compensate most of its eleven employees above the §507(a)(4) priority limitation of $13,650. The Debtor asks that nine of its eleven employees each be paid the maximum amount of $13,650 in pre-petition wages, and then *also* receive additional amounts of "PTO Obligations" (i.e., vacation and sick pay) in amounts ranging between $7,580 and $27,893. The UST objects to any payments of pre-petition obligations to these employees to the extent they are above the $13,650 priority limitation.

WHEREFORE, the United States Trustee requests that approval of the Debtor's motion be limited to current employees who are not insiders, and in amounts within the priority limitation.

RESPECTFULLY SUBMITTED this 23rd day of July, 2019.

        ILENE J. LASHINSKY
        United States Trustee
        District of Arizona

        /s/ CJP (#009797)
        CHRISTOPHER J. PATTOCK
        Trial Attorney

| | |
|---|---|
| 1 | COPIES of the foregoing served by both mail and e-mail on the 23rd day of July, 2019, to: |
| 2 | |
| 3 | KASEY C. NYE<br>CINDY K. SCHMIDT |
| 4 | WATERFALL ECONOMIDIS CALDWELL<br>HANSHAW & VILLAMANA |
| 5 | 5210 E WILLIAMS CIRCLE STE 800<br>TUCSON, AZ 85711 |
| 6 | Email: knye@waterfallattorneys.com<br>Email: cschmidt@waterfallattorneys.com |
| 7 | |
| 8 | /s/ Christopher J. Pattock |