# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

| | |
|---|---|
| **Debtor:** | BREAULT RESEARCH ORGANIZATION, INC |
| **Case Number:** | 4:19-BK-08754-BMW   **Chapter:** 11 |
| **Date / Time / Room:** | TUESDAY, JULY 30, 2019 11:00 AM   COURTROOM 446 |
| **Bankruptcy Judge:** | BRENDA M. WHINERY |
| **Courtroom Clerk:** | REBECCA VOLZ |
| **Reporter / ECR:** | LATOSHA TRIPP |

## Matters:

1) CHAPTER 11 CASE MANAGEMENT STATUS HEARING
   R / M #:   1 / 0

2) EXPEDITED HEARING RE: DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO PAY PREPETITION WAGES
   R / M #:   5 / 0

3) **ADV: 4-19-00253**
   **Breault Research Organization, Inc vs 4400 Broadway LLC**
   INITIAL HEARING RE: APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
   R / M #:   7 / 0

## Appearances:

KASEY NYE, REPRESENTING BREAULT RESEARCH ORGANIZATION, INC AND APPEARING IN PERSON
CINDY SCHMIDT, REPRESENTING BREAULT RESEARCH ORGANIZATION, INC AND APPEARING IN PERSON
LINDA JUOZAPAITIS, BREAULT RESEARCH ORGANIZATION, INC., APPEARING IN PERSON
KEVIN GARCIA, BREAULT RESEARCH ORGANIZATION, INC., APPEARING IN PERSON
JON SAFFER FOR PAT LOPEZ, REPRESENTING 4400 BROADWAY, LLC AND APPEARING IN PERSON
JOHN SMITH, REPRESENTING BOB BREAULT AND APPEARING IN PERSON
CHRIS PATTOCK, REPRESENTING THE U.S. TRUSTEE AND APPEARING BY VIDEO

# Minute Entry

(continue)... 4:19-BK-08754-BMW    TUESDAY, JULY 30, 2019 11:00 AM

*Proceedings:*

ITEM 1: CHAPTER 11 CASE MANAGEMENT STATUS HEARING

ITEM 2: EXPEDITED HEARING RE: DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO PAY PREPETITION WAGES

ITEM 3: INITIAL HEARING RE: APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**ITEM 1**
Mr. Nye summarizes the circumstances that led to the filing of this case. The debtor's most immediate concern is getting access to the premises as the debtor was recently locked out by the landlord. There are no major secured creditors. The largest creditor is the landlord. The plan will incorporate a substantial capital contribution. There are employees that are owed both prepetition and postpetition payroll. The employee withholding taxes are current. Debtor's counsel has been appointed. He anticipates that the debtor will file a disclosure statement and plan within the exclusivity period. The debtor will seek conditional approval of the disclosure statement in order to have a combined hearing on the disclosure statement and plan. This is a small business case.

The Court asks if the 11 U.S.C. § 1116 filings have been completed.

Mr. Nye reports that the most recent Profit and Loss Statement and Balance Sheet have been filed. There are no cash collateral issues. There is a disputed claim from a former employee. The former employee's UCC-1 does not necessarily attach to cash collateral.

**11:12 A.M.**
**ITEM 3**
Mr. Nye reports that the parties have reached an agreement. The debtor will pay the 11 U.S.C. § 365(d) rent due on 08/01/19. The debtor will have access to the property to move things out. If the debtor is still in the process of moving during September, then the debtor will pay September rent as well. The debtor will move promptly to reject the lease. The lease was not terminated prepetition.

The Court asks about the agreement between the parties. Does the debtor need to go forward with the application for the temporary restraining order and preliminary injunction?

Mr. Nye states that the debtor does not need a temporary restraining order or preliminary injunction at this time. The parties will lodge a stipulated form of order for the Court's consideration.

Mr. Saffer concurs. His client will file a proof of claim once the lease has been rejected. The debtor will be permitted to access the property. Everything else can be addressed later.

The Court asks if a continued hearing is needed.

Mr. Nye and Mr. Saffer do not believe that a continued hearing is needed.

COURT: NO FURTHER HEARINGS WILL BE SET AT THIS TIME. THE COURT WILL REVIEW THE STIPULATED ORDER ONCE IT HAS BEEN UPLOADED. THE ADVERSARY IS STILL PENDING. THE COURT WILL LEAVE IT TO THE PARTIES TO DEAL WITH THE ADVERSARY PROCEEDING.

**11:16 A.M.**
**ITEM 2**
Mr. Nye states that employees are paid twice per month. The debtor is seeking to pay two ordinary course prepetition payrolls. A number of employees will run up against the statutory cap. The U.S. Trustee objected to paying Mr. Breault. Mr. Breault is the former CEO. Mr. Breault is still a director, but he is no longer a shareholder. The debtor is proposing to pay vacation in ordinary course.

The Court asks about the status of the employees. Are all of the employees that will receive prepetition wages staying with the debtor? Or is the debtor seeking to pay out accrued vacation?

Mr. Nye confirms that all of the employees that will receive prepetition wages are staying with the debtor for the foreseeable future and are listed in the motion. There are also former employees that are owed wages. All of those wages were earned more than 180 days prior to the petition.

Mr. Pattock states that the U.S. Trustee objects to paying employees prepetition compensation in excess of the priority amounts. He requests that employees file priority claims for any amount in excess of the priority amounts. He argues that Mr. Breault is an insider since he is a director.

Mr. Nye states that the debtor is simply seeking to pay prepetition wages and maintain the vacation accrual program that is already in place.

The Court asks if the U.S. Trustee's objection is resolved if the debtor only pays prepetition wages up to the statutory cap and then keeps the programs in place but does not make any payments to those employees in excess of the statutory cap.

Mr. Pattock states that he believes that should resolve the objection.

The Court states that to the extent employees believe that they are owed prepetition amounts for which they were not paid, then those employees may file claims in this Court. The statutory cap is a hard cap.

COURT: PAYMENT OF PREPETITION WAGES IS APPROVED UP TO THE STATUTORY CAP. COUNSEL MAY UPLOAD A FORM OF ORDER, APPROVED AS TO FORM AND CONTENT BY MR. PATTOCK, FOR THE COURT'S CONSIDERATION.

Mr. Smith states that Mr. Breault sold all of his shares in this company to the current CEO. Mr. Breault is CEO Emeritus and an employee. He receives a salary every two weeks. Mr. Breault maintains client and investor relationships and has provided unsecured loans to the company. Mr. Smith argues that Mr. Breault may not necessarily be a director. He will investigate further and file something if needed.

The Court asks Mr. Smith to clarify whether Mr. Breault is a director or not. In this case, there are no cash collateral issues so that may simplify matters.

COURT: MR. SMITH IS TO WORK WITH MR. PATTOCK AS TO WHETHER OR NOT MR. BREAULT IS AN INSIDER. IF THE PARTIES CAN AGREE ON LANGUAGE, THEN THAT LANGUAGE MAY BE INCLUDED IN THE PREPETITION WAGE ORDER.

The Court asks about hearings that will be needed going forward.

Mr. Nye states that usually motions to reject do not require a hearing. That is the only matter he can think of that may require a hearing within the next month.