WATERFALL, ECONOMIDIS, CALDWELL, HANSHAW & VILLAMANA, P.C.
Williams Center, Suite 800
5210 E. Williams Circle
Tucson, AZ 85711
Phone: (520) 790-5828
Fax: (520) 745-1279

Kasey C. Nye (SB #020610)
knye@waterfallattorneys.com
*Attorneys for Debtor/ Plaintiff*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: Breault Research Organization, Inc.<br><br>Debtor. | Chapter 11<br><br>Case No.: 4:19-bk-08754-BMW<br><br>MOTION FOR (1) CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT; (2) TO SET COMBINED HEAING ON CONFIRMATION OF PLAN OF REORGANIZATION AND APPROVAL OF DISCLOSURE STATEMENT; (3) EXTENDING DEADLINE TO CONFIRM PLAN UNDER § 1129(e); AND (4) FIXING DEADLINE FOR FILING PROOF OF CLAIM |

Breault Research Organization, Inc., the Debtor and Debtor in Possession ("**BRO**" or the "**Debtor**") in the above captioned Chapter 11 reorganization case ("**Reorganization**") hereby respectfully requests entry of an order under 11 U.S.C. §§ 501, 1111(a), 1125(f)(3), and 1126 and Fed. R. Bankr. P. 2002, 3003, 3017.1 and 3018, and Local Rule 3003-1, (1) conditionally approving the Debtor's *Disclosure Statement in Support of Debtor's Plan of Reorganization dated March 17, 2020* [Doc 57] ("**Disclosure Statement**"), (2) Setting a combined hearing on final approval of the Disclosure Statement and confirmation of the BRO's *Plan of Reorganization dated March 17, 2020* [Doc 54]

("**Plan**"), (3) if necessary to accommodate the court's schedule, extending the deadline to confirm the Plan under § 1129(e), and (4) fixing the deadline for filing a proof of claim.

This Motion is supported by the attached Memorandum of Points and Authorities and the entire record in these Reorganization Cases.

DATED August 30, 2019.

WATERFALL, ECONOMIDIS, CALDWELL, HANSHAW & VILLAMANA, P.C.

By: */s/ Kasey C. Nye (AZ Bar 20160)*
Kasey C. Nye
Cindy K. Schmidt
*Attorneys for Debtor*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    JURISDICTION**

The relief requested herein is predicated upon Bankruptcy Code §§ 501, 1111(a), 1125(f)(3), and 1126.  This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334 and General Order 01-15 of the U.S. District Court for the District of Arizona referring proceedings arising under Title 11 to this Court.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). The venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The procedures governing this motion are governed by Fed. R. Bankr. P. Fed. R. Bankr. P. 2002, 3003, 3017.1 and 3018, and Local Rule 3003-1.

**II.    FACTUAL BACKGROUND**

1.    On July 16, 2020 (the "Petition Date") BRO filed a voluntary petition commencing this Reorganization.   In its petition the BRO asserted that it is a small business under § 101(31) because it had only $1.4 million of claims against it not held by insiders.

2.    On March 17, 2020 BRO filed its Plan.  As a result, the deadline to confirm the Plan under § 1129(e) is Friday May 1, 2020.  On March 20,2020, BRO filed its Disclosure Statement in support of confirmation of the Plan.

**III.    LEGAL ARGUMENT**

**A.    The Court May Conditionally Approve the Disclosure Statement.**

Section 1125(f)(3) provides that in a small business case,

(A) the court may conditionally approve a disclosure statement subject to final approval after notice and a hearing;
(B) acceptances and rejections of a plan may be solicited based on a conditionally approved disclosure statement if the debtor provides adequate information to each holder of a claim or interest that is solicited, but a conditionally approved disclosure statement shall be mailed not later than 25 days before the date of the hearing on confirmation of the plan; and
(C) the hearing on the disclosure statement may be combined with the hearing on confirmation of a plan.

Rule 3017.1(a) Fed. Bankr. P. further provides:

> In a small business case, the court may, on application of the plan proponent or on its own initiative, conditionally approve a disclosure statement filed in accordance with Rule 3016. On or before conditional approval of the disclosure statement, the court shall:
> (1)     fix a time within which the holders of claims and interests may accept or reject the plan;
> (2)     fix a time for filing objections to the disclosure statement;
> (3)      fix a date for the hearing on final approval of the disclosure statement to be held if a timely objection is filed; and
> (4)     fix a date for the hearing on confirmation.

Accordingly, the Debtor, as the proponent of the Plan, respectfully request entry of an order conditionally approving the Disclosure Statement, fixing the time within which holders of claims or interests may accept or reject the Plan, Fixing the time for filing objections to the plan and disclosure statement, and setting the hearing on confirmation. Under Rules 2002(b) and 9006, Fed. R. Bankr. P. the Debtor requests that the court set the deadlines for objecting to the Plan and the Disclosure Statement no earlier than Friday April 24, 2020.

**B.      The Confirmation Hearing should be set for no later than Friday, May 1, 2020, or the deadline under § 1129(e) extended through the confirmation hearing.**

Section 1129(e) provides

> In a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3).

Section 1121(e)(3) requires that an order extending the deadline be entered before the deadline expires. In this case the 45 days for confirming the Plan under 1129(e) expires on May 1, 2020 unless extended. Accordingly the Debtor respectfully requests that the confirmation hearing be set prior to the May 1, 2020 deadline or if set later than May 1, 2020, that the time for confirmation be extended until after such later set hearing.

4

**C.    The Court May Fix the Deadline for Filing Proofs of Claim.**

Section 1111(a) provides "A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(a)(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated."

Rule 3003(c)(3)  Fed. R. Bankr. P. provides that "The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Under Rule 2002(a) Fed. R. Bankr. P., the Debtor respectfully requests that the court fix the deadline for filing a proof of claim for no earlier than April 24, 2020.

## II.    CONCLUSION

WHEREFORE, BRO respectfully request that the Court enter an Order:

(1)    conditionally approving of the disclosure statement as containing adequate information;

(2)    fixing  a time within which the holders of claims and interests may accept or reject the plan no earlier than Friday April 24, 2020;

(3)    fixing a time for filing objections to the Plan and the Disclosure Statement;

(4)    fixing a date for the hearing on final approval of the disclosure statement to be held if a timely objection is filed; and

(5)    fixing a date for the hearing on confirmation

(6)    Fixing the deadline for filing proofs of claim; and,

(7)    granting such other and further relief as may be just and proper.

DATED March 20, 2020.

WATERFALL, ECONOMIDIS, CALDWELL,
HANSHAW & VILLAMANA, P.C.

By: */s/ Kasey C. Nye (AZ Bar 20160)*
        Kasey C. Nye
        Cindy K. Schmidt
        *Attorneys for Debtor*

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

6